**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| Christopher Burns, ) | Civil Action No. 2:21-00797-RMG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| Crawford Steel Corporation, and Allied ) | **ORDER AND OPINION** |
| Crawford Charleston, Inc. ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court upon the Report and Recommendation ("R & R") of the Magistrate Judge recommending the Court grant Plaintiff's motion to amend the Complaint and recommending the Court grant in part, deny in part Defendants' motion for summary judgment. (Dkt. No. 41). The Court adopts the R & R as the Order of the Court.

**I.  Background**

Plaintiff's complaint alleges disability discrimination and failure to accommodate in violation of the Americans with Disabilities Act ("ADA") against Allied Crawford Charleston, Inc. ("Allied Charleston") and Crawford Metal Company ("CMC"). (Dkt. No. 1).[1] Plaintiff was employed by Allied Charleston where he worked as a plant manager. (Dkt. No. 1 ¶¶ 15-18). Plaintiff suffered bone infections caused by a skull implant that limited Plaintiff's ability to think, concentrate, and perform manual tasks. (Dkt. Nos. 1 ¶¶ 19, 21; 29-3 at 2). Between 2010-2019, Plaintiff required leave from work when he experienced problems with his bone infection. (Dkt. No. 29-3 at 2). Allied Charleston granted Plaintiff's leave requests. (*Id.* at 2-3).

---

[1] In the original complaint, CMC is misnamed as "Crawford Steel Corporation". (Dkt. No. 1).

In January 2019, Plaintiff suffered a grand mal seizure at work. (Dkt. No. 1 ¶ 33). Allied Charleston allowed Plaintiff to take medical leave for recurring infections throughout 2019. (*Id.* ¶ 35). In August 2019, Plaintiff informed Geoff Marshall, the general manager of Allied Charleston, and Gary Stern, the CEO of CMC, that he needed to undergo corrective surgeries to help prevent future infections that would require several months away from work. (*Id.* ¶ 39). The surgeries were set for September 2019 and January 2020. (Dkt. No. 29-3 at 7). Plaintiff indicates he applied for Supplemental Security Income benefits to help get money for his family while he recovered, and that Tonja Bowdoin, the general manager at Allied Crawford (Atlanta), Inc., helped him apply. (*Id.*).

In December 2019, Mr. Stern held a meeting with staff to discuss whether it would be safe to bring Plaintiff back to work. Several individuals indicated they did not believe it would be safe to bring Plaintiff back to work. (Dkt. Nos. 29-7 at 5; 30-16 at 5). On January 27, 2020, Plaintiff gave Mr. Marshall a doctor's note releasing him back to work with no restrictions. (Dkt. No. 1 ¶ 77; 30-12 at ¶ 11). Sometime in January, Mr. Stern called Mr. Marshall and instructed him to terminate Plaintiff's employment. (Dkt. No. 30-16 at 5). Mr. Marshall testified they were "[j]ust going to go in a different direction." (*Id.*). On January 31, 2020, Mr. Marshall informed Plaintiff Allied Charleston was "going in a different direction." (Dkt. No. 30-16 at 38).

Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") against Allied Charleston. (Dkt. No. 1-2). Allied Charleston filed a position letter that stated Plaintiff voluntarily resigned from his position. (Dkt. No. 30-5 at 2). Allied Charleston filed a letter from Ms. Bowdoin where she stated Plaintiff chose to resign. (Dkt. No. 30-5 at 5). Plaintiff filed a rebuttal that denied he resigned. (Dkt. No. 30-6 at 1). Allied Charleston filed a

supplemental position letter where it stated Plaintiff voluntarily resigned and the plant manager position was eliminated. (Dkt. No. 30-8 at 3-5).

Mr. Stern testified he held a Zoom call with Mr. Marshall in December 2019 to late January 2020. During this call, Mr. Marshall indicated he could perform the plant manager job and the position was not needed. Mr. Stern agreed with eliminating the position. (Dkt. No. 30-15 at 12). Mr. Marshall testified that in August 2019, while Plaintiff was out, he and Marlon Smalls assumed the duties of the plant manager position. (Dkt. No. 29-5 at 6, 7). Mr. Marshall stated that operations were running effectively without a plant manager and discussed eliminating the plant manager position with Mr. Stern. (Dkt. No. 29-6 at ¶ 15). Mr. Stern testified he agreed with terminating Plaintiff's employment. (Dkt. No. 30-16 at 6). In January 2022, Mr. Smalls was promoted to plant manager at Allied Charleston. (Dkt. Nos. 30-16 at 3; 30-15 at 2).

Defendants filed a motion for summary judgment and Plaintiff filed a response conceding his failure to accommodate claim. (Dkt. Nos. 29; 30). On the same date, Plaintiff filed a motion to amend the complaint. (Dkt. No. 31). The motions are fully briefed. (Dkt. Nos. 33; 34; 36). On October 13, 2022, the Magistrate Judge issued an R & R recommending the Court grant Plaintiff's motion to amend the Complaint and grant in part, deny in part Defendants' motion for summary judgment. (Dkt. No. 41). The parties did not file any objections to the R & R. The matter is ripe for the Court's adjudication.

## II.  **Legal Standard**

The Magistrate Judge makes only a recommendation to this Court that has no presumptive weight. The responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court must make a *de novo* determination of those portions of the R & R Plaintiff specifically

objects. Fed. R. Civ. P. 72(b)(2). Where Plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). "Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting the recommendation." *Wilson v. S.C. Dept of Corr.*, No. 9:14-CV-4365-RMG, 2015 WL 1124701, at *1 (D.S.C. Mar. 12, 2015). *See also Camby v. Davis*, 718 F.2d 198, 200 (4th Cir.1983).

### III.  Discussion

#### a) Motion to Amend

The Court finds the Magistrate Judge ably determined that Plaintiff's motion to amend the complaint should be granted. (Dkt. No. 41 at 9-12). Plaintiff seeks leave to amend the complaint to correct the name of a misnamed Defendant. (Dkt. No. 31 at 4). In the complaint, Plaintiff misidentified CMC as "Crawford Steel Corporation". (Dkt. No. 1). "If the right party is before the Court, although under a wrong name, an amendment to cure a misnomer of parties will be allowed." *United States v. A.H. Fischer Lumber, Co.*, 162 F.2d 872, 874 (4th Cir. 1947); *Morrel v. Nationwide Mut. Fire. Ins. Co.*, 188 F.3d 218, 224 (4th Cir. 1999). Despite Plaintiff's misidentification of CMC, there does not appear to be any dispute that the correct party was served. CMC is represented by the same counsel as Allied Charleston, filed pleadings in this case, and participated in discovery. (Dkt. No. 23). Allowing Plaintiff to correct the misidentification of CMC is warranted. Plaintiff's motion to amend the complaint is granted.

#### b) Motion for Summary Judgment

CMC argues the court should grant summary judgment and dismiss it from this action. It argues Plaintiff failed to name it in his EEOC charge. The Magistrate Judge ably determined that

4

neither party addressed a central issue related to this, whether the "substantial identity exception" to the rule that plaintiff may not sue a party he did not identify in his EEOC charge, applies. (Dkt. No. 41 at 13). As such, Defendant failed to meet its burden on summary judgment as to this point.

CMC argues Allied Charleston employed Plaintiff not it, and therefore it should be dismissed as a Defendant in this action. The Magistrate Judge analyzed whether the two companies are joint employers and may be considered a single employer for purposes of liability under the ADA pursuant to the test set forth in *Butler v. Drive Auto. Indus. of Am., Inc.*, 793 F.3d 404, 408-09 & n.3 (4th Cir. 2015). "Control is the 'principle guidepost' of the analysis." *Butler*, 793 F.3d at 414. The Magistrate Judge correctly determined evidence in the record suggested Mr. Stern exercised control over Allied Charleston and its employees. (Dkt. No. 41 at 16). He testified he sometimes played a role in hiring general managers of the plants. (Dkt. No. 30-15 at 2). Plaintiff testified Mr. Stern hired him as plant manager at Allied Charleston and Mr. Stern ran the plant there. (Dkt. Nos. 30-12 ¶ 1; 36 at 2-3). Mr. Stern made the decision to end Plaintiff's employment with Allied Charleston. (Dkt. Nos. 30-16 at 7). Based on the record, questions of material fact exist as to whether CMC was not Plaintiff's employer such that it should be dismissed as a Defendant.

The Magistrate Judge comprehensively analyzed the merits of Plaintiff's ADA disability discrimination claim to correctly determine issues of material fact exist as to whether Defendants discriminated against him when they terminated his employment. (Dkt. No. 41 at 17-24). The Magistrate Judge applied the framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792. There is no dispute that Plaintiff established a prima facie case of disability discrimination. (Dkt. No. 41 at 19). The Magistrate Judge correctly determined Defendants' stated reason for discharging Plaintiff, that it eliminated the plant manager position at Allied Charleston, is a legitimate, non-discriminatory reason. (Dkt. No. 29-1 at 11-13). The Magistrate Judge

correctly determined issues of material fact exist as to whether Defendants' legitimate, non-discriminatory reason for discharging Plaintiff is pretext for discrimination. Plaintiff may show pretext by showing "an employer's proffered nondiscriminatory reasons for the termination are inconsistent over time, false, or based on mistakes of fact." S*empowich v. Tactile Sys. Tech., Inc.* 19 F.4th 643, 652 (4th Cir. 2021) (internal citations omitted). Allied Charleston's first position letter stated Plaintiff voluntarily resigned, but its supplemental position statement stated it eliminated the plant manager position. It now solely argues Plaintiff was discharged because it eliminated the plant manager position. (Dkt. No. 29 at 11-13). Defendants' changing reasons are inconsistent and evidence of pretext. (Dkt. No. 41 at 22). Defendants' motion for summary judgment as to Plaintiff's ADA disability discrimination claim is denied.

## IV.   Conclusion

For the reasons stated above, the Court **ADOPTS** the R & R as the Order of the Court. (Dkt. No. 41). Plaintiff's motion to amend the complaint is **GRANTED**. (Dkt. No. 31). Defendants' motion for summary judgment is **GRANTED IN PART** and **DENIED IN PART**. (Dkt. No. 29). The motion for summary judgment is **GRANTED** as to Plaintiff's ADA failure to accommodate claim. The motion for summary judgment is **DENIED** as to Plaintiff's ADA disability claim.

**AND IT IS SO ORDERED**.

                                                          s/ Richard M. Gergel
                                                          Richard M. Gergel
                                                          United States District Judge

January 17, 2023
Charleston, South Carolina